IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

_____

| | | |
|---|---|---|
| TIMM LEWIS MONSON, | ) | **ORDER AND MEMORANDUM DECISION** |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:09-CV-418 CW |
| v. | ) | |
| | ) | |
| UTAH DEP'T OF CORRS. et al., | ) | District Judge Clark Waddoups |
| | ) | |
| Defendants. | ) | |

_____

Plaintiff, Timm Lewis Monson, has filed a *pro se* prisoner civil rights complaint.[1]  Plaintiff's application to proceed *in forma pauperis* has been granted.  Plaintiff now moves for appointed counsel and service of process.

The Court first considers the motion for appointed counsel. Plaintiff has no constitutional right to counsel.[2]  However, the Court may in its discretion appoint counsel for indigent inmates.[3]  "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[4]

When deciding whether to appoint counsel, the district court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in

_____

[1] *See* 42 U.S.C.S. § 1983 (2010).

[2] *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

[3] *See* 28 U.S.C.S. § 1915(e)(1) (2010); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[4] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"[5] Considering the above factors, the Court concludes here that (1) it is not clear at this point that Plaintiff has asserted a colorable claim; (2) the issues in this case are not complex; and (3) Plaintiff is not incapacitated or unable to adequately function in pursuing this matter. Thus, the Court denies for now Plaintiff's motion for appointed counsel.

Next, the Court denies for now Plaintiff's motion for service of process. The Court has yet to make a final determination whether to dismiss Plaintiff's complaint or order it to be served upon Defendants.[6] Plaintiff need do nothing further to trigger this process.

IT IS HEREBY ORDERED that:

(1) Plaintiff's request for appointed counsel is DENIED, (*see* File Entry # 3); however, if it later appears that counsel may be needed or of specific help, the Court may ask an attorney to appear pro bono on Plaintiff's behalf. No further motions of this nature are necessary.

---

[5] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39.

[6] *See* 28 U.S.C.S. § 1915A (2010).

(2) Plaintiff's motion for service of process is DENIED, (*see* File Entry # 4); however, if, upon further review, it appears that this case has merit and states a claim upon which relief may be granted, the Court may order service of process.

DATED this 12th day of March, 2010.

BY THE COURT:

_____
CLARK WADDOUPS
United States District Judge